IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, *et al.* : | CIVIL ACTION No. 5:08-cv-01897-JKG |
| Plaintiffs, : | |
| v. : | |
| MK2 GROUP, LTD. : d/b/a MK INSTALLATIONS MANAGEMENT, INC. : a/k/a MK/Installations a/k/a MK Installations, *et al.* : | |
| Defendants. : | |

**MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) AGAINST DEFENDANTS, MK2 GROUP, LTD., MARK KABBEKO AND SHERRI KABBEKO**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee a/k/a Carpenters Joint Apprenticeship Committee, Carpenters Political Action Committee, Quaker City Lumber Products Association Industry Advancement Program, as Holder of an Industry Advancement Fund, Furniture Handlers and Installers Association Industry Advancement Program (respectively "Welfare Fund," "Pension Fund," "Savings Fund" or "CSP", "Apprentice Committee", "PAC", "BIA" and "FIAP", jointly referred to as "Funds"), Metropolitan Regional Council of Carpenters, Eastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union"), Edward Coryell ("Coryell"), Joseph Paone, Jr. ("Paone") and Tony Iannucci ("Iannucci" and together with Funds, Coryell and Paone, "Plaintiffs"), respectfully move this Court, pursuant to Fed. R. Civ. P. 55(b)(2), to enter default judgment in favor of Plaintiffs and against Defendants, MK2 Group, Ltd. d/b/a MK Installations Management, Inc. a/k/a

193139-1

MK/Installations a/k/a MK Installations ("MK" or "Company") and Mark Kabbeko and Sherri Kabbeko (jointly, Individual Defendants, and together with MK, "Defendants") for unpaid contributions, late fees, liquidated damages, interest and attorneys' fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D).

In support of this Motion, Plaintiffs rely upon the allegations in their Complaint, the Declaration of Pat Cusick[1] and the Declaration of Jennifer L. Hope, Esquire.[2]

The grounds for this Motion are as follows:

1. Prior to the commencement of this action, the Plaintiffs attempted to resolve this delinquency in an amicable manner.

2. Defendant MK failed to remit contributions for the period of May 2007 through November 2007 in the amount of $228,041.15.

3. On December 11, 2007, the Plaintiffs, Defendant Company and Defendants Mark Kabbeko and Sherri Kabbeko entered into an Agreement whereby the Defendants would submit nine (9) monthly installments totaling $228,041.15. The Defendants failed to make any payments under the terms of the agreement.

4. Through an audit of the Company books and records, the Plaintiffs discovered additional delinquencies owing in the amount of $65,886.56 for the period of December 2007 through April 2008.

5. On April 22, 2008, the Plaintiffs filed the Complaint in this matter.

6. The Complaint was served on the Defendant on May 14, 2008, as appears from

---

[1] The Declaration of Pat Cusick ("Cusick Declaration") is attached to this Motion as Exhibit 1. The exhibits referenced in the Cusick Declaration are attached to this Motion as Exhibits 2-4.

[2] The Declaration of Jennifer L. Hope ("Hope Declaration") is attached to this Motion as Exhibit 5. The exhibits referenced in the Hope Declaration are attached to this Motion as Exhibits 6.

the Affidavit of Service duly-docketed with the Court.

7. No Answer to the Complaint was filed by the Defendants.

8. Plaintiffs filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) on June 5, 2008 and mailed a copy first class mail, postage prepaid to the Defendant.

9. Defendant MK is a corporation and, therefore, is neither an infant nor incompetent person.

10. Defendants Mark Kabbeko and Sherri Kabbeko are neither infants nor incompetent persons.

**WHEREFORE**, Plaintiffs seek the following relief:

(a) Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

(b) Such other and further relief as the Court deems just, necessary and appropriate.

Respectfully submitted,

JENNINGS SIGMOND

Dated: <u>July 2, 2008</u>    BY: <u>/s/ Jennifer L. Hope</u>
JENNIFER L. HOPE (ID. NO. 205999)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0617
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE<br>FUND OF PHILADELPHIA AND VICINITY, et al. | : <br> : <br> : | CIVIL ACTION No.<br>5:08-cv-01897-JKG |
| Plaintiffs, | : | |
| v. | : | |
| MK2 GROUP, LTD.<br>    a/k/a MK2 Group, Ltd.<br>    d/b/a MK INSTALLATIONS MANAGEMENT, INC.<br>    a/k/a MK/Installations<br>    a/k/a MK Installations, et al. | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT UNDER FEDERAL RULE OFCIVIL PROCEDURE 55(b) AGAINST DEFENDANTS, MK2 GROUP, LTD., MARK KABBEKO AND SHERRI KABBEKO**

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee a/k/a Carpenters Joint Apprenticeship Committee, Carpenters Political Action Committee, Quaker City Lumber Products Association Industry Advancement Program, as Holder of an Industry Advancement Fund, Furniture Handlers and Installers Association Industry Advancement Program (respectively "Welfare Fund," "Pension Fund," "Savings Fund" or "CSP", "Apprentice Committee", "PAC", "BIA" and "FIAP", jointly referred to as "Funds"), Metropolitan Regional Council of Carpenters, Eastern Pennsylvania, State of Delaware and Eastern Shore of Maryland ("Union"), Edward Coryell ("Coryell"), Joseph Paone, Jr. ("Paone") and Tony Iannucci ("Iannucci" and together with Funds, Coryell and Paone, "Plaintiffs"), by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default.

Defendant, MK2 Group, Ltd. d/b/a MK Installations Management, Inc. a/k/a MK/Installations a/k/a MK Installations ("Company" or "MK"), is a party to one or more collective bargaining agreement(s) (collectively, "Agreement") with the Union (Cusick Declaration ¶ 8). The Agreement provides for the payment of contributions to the Plaintiffs for time worked by or paid to employees of Defendant who perform work covered by the terms and conditions of the Agreement (Cusick Declaration ¶ 8). These contributions must be received by the Plaintiffs no later than the fifteenth (15th) day of the month following the month in which the work was performed (Cusick Declaration ¶ 8). Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Plaintiffs (Cusick Declaration ¶ 8). Under the Agreement, the Plaintiffs also have the right to audit the employer's payroll books and related records to determine that all required contributions have been paid (Cusick Declaration ¶ 8).

Based upon remittance reports submitted late to the Funds, Company failed to pay adequate contributions for the period of May 2007 through November 2007 in the amount of $228,041.15. (Cusick Declaration ¶ 9). In an effort to resolve the delinquency, the Company, Mark Kabbeko and Sherri Kabbeko signed an Installment Judgment Note ("Note") on or about December 11, 2007. (Cusick Declaration ¶ 9). The Defendants therein agreed to pay the sum of $228,041.15, representing the unpaid contributions and interest, in nine (9) successive monthly installments commencing January 1, 2008. (Cusick Declaration ¶ 9). The Defendants also agreed that, in the event of default, the Plaintiffs were authorized to confess judgment on the Note. (Cusick Declaration ¶ 9). Defendants have failed to make any payments under the terms of the Note. (Cusick Declaration ¶ 9).

Under the terms of the Note, Defendants owe late fees of ten percent (10%) on any

monthly installment not posted at least ten (10) days after it is due. The installments for January 2008 through June 2008 were $26,000 each. Ten percent (10%) of $26,000.00 is $2,600.00. As the Defendants have not paid any installments under the Note, the Plaintiffs have determined that Defendants owe $15,600.00 in late fees for the six (6) late installments for January 2008 through June 2008. (Cusick Declaration ¶ 9).

The obligation to pay contributions and other damages is ongoing under the collective bargaining agreement, trust documents and Note. Since the filing of the Complaint, Defendants submitted to an audit, performed by the Plaintiffs and their auditors, of the Company's payroll books and related records (Cusick Declaration ¶ 10). The audit revealed additional delinquencies of $59,896.87 for the period of December 2007 through April 2008. (Cusick Declaration ¶ 10). The Plaintiffs determined that the Defendants owe $5,989.69 in liquidated damages on these unpaid contributions. (Cusick Declaration ¶ 10). In addition, the Defendants owe interest on the unpaid contributions, calculated through July 1, 2008 in the amount of $10,781.65. (Cusick Declaration ¶¶ 10). To date, Plaintiffs have incurred $9,423.22 in attorneys' fees and costs. (Hope Declaration ¶ 2).[3]

As a result of Defendants' failure to submit the required payments under the terms of the collective bargaining agreement, the trust documents, the Note and ERISA, this lawsuit was instituted on April 22, 2008. Service of the Complaint and Summons was made on the Defendant on May 14, 2008. The Defendants have not answered or filed any other responsive pleadings. Plaintiffs filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) and now submit this Motion for Judgment by Default.

---

[3] Under the terms of the Note, Defendants are liable for attorneys' fees up to twenty percent (20%) of the amount due and owing. For reasons of professional responsibility in consideration of the attorneys' fees actually accrued at this point, Plaintiffs do not seek the twenty percent (20%) of all amounts due and owing. However, Plaintiffs reserve their right to assert the Note's fee provision in the event that the amount due and owing under the current action is

## ARGUMENT

I. **ENTRY OF JUDGMENT AGAINST COMPANY FOR UNPAID CONTRIBUTIONS, INTEREST, STATUTORY LIQUIDATED DAMAGES, AUDIT COSTS AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

The Company is a party to one or more collective bargaining agreement(s) (collectively "Agreement") with the Union (Cusick Declaration ¶ 8). Under the Agreement, the Company is required to submit remittance reports and pay contributions to Plaintiffs for time worked by or paid to their covered employees (Cusick Declaration ¶ 8). The Agreement sets forth: (a) the rate of contribution; (b) the method for calculating the total amount of contributions due to Plaintiffs; and (c) the time period within which these contributions are to be paid to Plaintiffs. (Cusick Declaration ¶ 8). Finally, the Agreement requires the Company to allow Plaintiffs' auditors to review all records they reasonably deem necessary to making a determination that all required contributions have been paid (Cusick Declaration ¶ 8).

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan... under the terms of a collectively bargained agreement shall...make such contributions in accordance with...such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment under Section 515 is entered in Plaintiffs' favor:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

---

contested or in the event of continued litigation.

  (C)  an amount equal to the greater of:

    (i)  interest on the unpaid contributions; or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

  (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

The failure of the Defendant to comply with its contractual and statutory obligations results in a substantial adverse impact on the Plaintiffs' ability to meet their legal obligations. Plaintiffs are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide benefits and pension credits to Defendant's employees who are otherwise eligible to receive them, 29 C.F.R. 2530-200b-2(a)(1) and (2); <u>Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.</u>, 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, <u>Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc.</u>, 642 F.2d 1122 (8th Cir. 1981). Plaintiffs are required to provide these benefits and credits regardless of whether the Defendant makes the contributions. Similar requirements exist with respect to the Funds' obligation to credit hours for retirement benefits. The result is a significant drain on the resources of Plaintiffs.

Additionally, when an employer fails to remit its contributions, the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health and welfare

benefits. Furthermore, Plaintiffs incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair Plaintiffs' ability to continue to provide benefits to not only Defendant's employees, but to employees of companies that have complied with their contractual obligations.

Given the clear language of the contract and obligations mandated by ERISA, this Court should enter judgment in Plaintiffs' favor and order Company to pay contributions, contractual liquidated damages, interest, audit costs and attorneys' fees and costs as dictated by the collective bargaining agreement and ERISA.

## II. ENTRY OF JUDGMENT AGAINST INDIVIDUAL DEFENDANTS FOR UNPAID CONTRIBUTIONS, INTEREST, STATUTORY LIQUIDATED DAMAGES, CONTRACTUAL LATE FEES, AUDIT COSTS AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE

On December 11, 2007, Individual Defendants, Mark Kabbeko and Sherri Kabbeko signed an Installment Judgment Note ("Note"). (Cusick Declaration ¶ 9). The Note holds Individual Defendants jointly and severally liable for Company's delinquency to the Funds. The Defendants therein also agreed to pay the sum of $228,041.15, representing the unpaid contributions and interest, in nine (9) successive monthly installments commencing January 1, 2008. (Cusick Declaration ¶ 9). The Defendants also agreed that, in the event of default, the Plaintiffs were authorized to confess judgment on the Note. (Cusick Declaration ¶ 9).

Defendants have failed to make any payments in accordance with the Note. (Cusick Declaration ¶ 9). Under the terms of the Note, the Funds are entitled to late fees of ten percent (10%) for each monthly installment not posted at least ten (10) days after it is due. The installments for January 2008 through June 2008 were $26,000 each. Ten percent (10%) of $26,000.00 is $2,600.00. As the Defendants have not paid any installments under the Note, the

Plaintiffs have determined that Defendants owe $15,600.00 in late fees for the six (6) late installments for January 2008 through June 2008. (Cusick Declaration ¶ 9).

The obligation to pay contributions and other damages is ongoing under the collective bargaining agreement, trust documents and Note. Since the filing of the Complaint, Defendants submitted to an audit, performed by the Plaintiffs and their auditors, of the Company's payroll books and related records (Cusick Declaration ¶ 10). The audit revealed additional delinquencies of $59, 896.87 for the period of December 2007 through April 2008. (Cusick Declaration ¶ 10). The Plaintiffs have assessed $5,989.69 in liquidated damages and $10,781.65 in interest calculated through July 1, 2008 on the audit delinquencies. (Cusick Declaration ¶ 10).Plaintiffs have also incurred $9,423.22 in attorneys' fees and costs. (Hope Declaration ¶ 2). To date, Defendants, jointly and severally, owe the Plaintiffs a total of $329,732.78 in contributions, interest, liquidated damages, late fees, audit costs and attorneys' fees and costs.

As a result of Defendants' failure to submit the required payments under the terms of the collective bargaining agreement, the trust documents, the Note and ERISA, this lawsuit was instituted on April 22, 2008. Service of the Complaint and Summons was made on the Defendant on May 14, 2008. The Defendants have not answered or filed any other responsive pleadings. Plaintiffs filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) and now submit this Motion for Judgment by Default.

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant Plaintiffs the relief requested in the Motion for Default Judgment.

                                    Respectfully submitted,

                                    JENNINGS SIGMOND

Dated: <u>July 2, 2008</u>        BY: <u>/s/ Jennifer L. Hope</u>
                                    JENNIFER L. HOPE (ID. NO. 205999)
                                    The Penn Mutual Towers, 16th Floor
                                    510 Walnut Street
                                    Philadelphia, PA 19106-3683
                                    (215) 351-0617
                                    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, JENNIFER L. HOPE, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants was served by mailing same first class mail, postage prepaid on the date listed below:

> MK2 Group, Ltd., et al.
> 145 Weidner Drive
> Morgantown, PA 19543
>
> Mark Kabbeko
> 145 Weidner Drive
> Morgantown, PA 19543
>
> Sherri Kabbeko
> 145 Weidner Drive
> Morgantown, PA 19543

Date: July 2, 2008                    /s/ Jennifer L. Hope
                                      JENNIFER L. HOPE, ESQUIRE

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWING AND DOWLOADING FROM THE ECF SYSTEM**

193139-1